ARTHUR DUNN, *Plaintiff in Error*, v. STATE OF FLORIDA, *Defendant in Error.*

Division A.

Opinion filed December 12, 1928.

Petition for rehearing denied January 16, 1929.

*C. L. Hilton,* for Plaintiff in Error;

*Fred H. Davis,* Attorney General, and *Dewey A. Dye,* State Attorney, for the State.

ELLIS, C. J.—Arthur Dunn was indicted for embezzlement alleged to have been committed in November, 1925. The indictment was filed in March, 1927. The amount alleged to have been embezzled was $1296.00. The case was tried on March 24, 1927, on the plea of not guilty.

According to the stenographer's report of the trial, which was signed a year later by the judge, there was a verdict

of guilty. A motion for a new trial was overruled and ninety days were allowed for settling a bill of exceptions. Judgment was entered April 2, 1927.

The writ of error was issued March 24, 1928.

The facts in the case are in substance as follows: In November, 1925, the plaintiff in error acting as real estate agent for S. P. Blount sold a lot of land to a man named Kirkpatrick, the price being $3,500.00 of which $1,500.00 was to have been paid in cash and a mortgage on the place given for the balance. A check was given by Kirkpatrick to Dunn for $1,500.00. Blount delivered the deed to Dunn to be delivered to Kirkpatrick on December 9th, who executed his mortgage for the balance. The check for $1,500.00 was delivered to Dunn on November 14th. His commission was to have been about $204.00. Two weeks afterwards he gave his check to Blount for $1,296.00. That check was not paid because of insufficient funds. About three weeks later Dunn gave Blount three checks, two for $400.00 each and one for $496.00. The latter check was paid. The two checks for $400.00 each were not paid because of insufficient funds. Later Dunn gave Blount two checks, one for $300.00 and one for $500.00. The first was paid but the latter has not been paid.

The defense was that Dunn and Blount had an agreement under which the latter was to build a house on a lot owned by Dunn who had executed a deed to it to Blount and who had obtained a loan on it to build a house, the cost of which was to have been $3,747.50, and Dunn had overpaid Blount about $117.00 and under the contract could hold back $250.00 until entire completion of the contract which Blount had not completed. The contract was made in August, 1925, and the last payment was made November 6, 1925. On December 12th of that year and

sometime after the Kirkpatrick transaction, Dunn made further payment on account of the agreement 'to Merrifield for $153.00 for materials.

The contention of the plaintiff in error was that he held up the money on account of the Kirkpatrick transaction in order to obtain a settlement with Blount on the house building contract with him.

We found no error in the record. The embezzlement of the money occured when it was appropriated by Dunn to his own use and not kept in the bank to meet and pay the check drawn against it and given to Blount.

Judgment affirmed.

STRUM AND BROWN, J. J., concur.

WHITFIELD, P. J., AND TERRELL AND BUFORD, J. J., concur in the opinion and judgment.